# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### Abingdon Division

| | | |
|---|---|---|
| **JEFFREY TRENT RICHARDSON** | : | |
| in his official capacity as | : | |
| Commissioner of Revenue of | : | |
| Smyth County, Virginia, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Civil Action No.:** _____ |
| | : | |
| **INTERNAL REVENUE SERVICE**, | : | |
| | : | |
| **SERVE:** | : | |
| | : | |
| Timothy J. Heaphy, United States Attorney | : | |
| Western District of Virginia | : | |
| 310 1st Street, S.W., Room 906 | : | |
| Roanoke, Virginia 24011 | : | |
| | : | |
| Eric H. Holder, Jr., Attorney General | : | |
| United States Department of Justice | : | |
| 950 Pennsylvania Avenue, N.W. | : | |
| Washington, D.C. 20530 | : | |
| | : | |
| William J. Wilkins, Chief Counsel | : | |
| Internal Revenue Service | : | |
| 1111 Constitution Avenue, N.W. | : | |
| Washington, D.C. 20224 | : | |
| | : | |
| Thomas W. Schilling, Revenue Officer | : | |
| Internal Revenue Service | : | |
| 2426 Lee Highway, # 104 | : | |
| Bristol, Virginia 24202 | : | |
| | : | |
| **Defendant**. | : | |

## <u>COMPLAINT</u>

COMES NOW the Plaintiff, Jeffrey Trent Richardson, in his official capacity as

Commissioner of Revenue of Smyth County, Virginia, by and through his counsel, and for his Complaint against the Defendant, Internal Revenue Service, states the following:

PARTIES

1.      The Plaintiff, Jeffrey Trent Richardson, is the Commissioner of Revenue of Smyth County, Virginia, and is hereinafter referred to as the "Commissioner of Revenue". Smyth County is a political subdivision of the Commonwealth of Virginia.  The Constitution of Virginia, in Article VII, Section 4, provides for the existence of the Office of Commissioner of Revenue in each County and City in the Commonwealth of Virginia.  The Commissioner of Revenue oversees various subordinate employees within the Commissioner of Revenue's Office.

2.      The Defendant, Internal Revenue Service, is a unit of the United States Department of the Treasury, a cabinet-level department of the executive branch of the government of the United States of America, and is hereinafter referred to as the "IRS".

JURISDICTION AND VENUE

3.      This action arises under 28 U.S.C. §§ 1331, 1340, and 1367, 26 U.S.C §§ 6103 and 7602, and Virginia Code § 58.1-3, as this action involves a matter arising under the laws of the United States and, specifically, those providing for internal revenue, as well as a matter arising under the laws of the Commonwealth of Virginia regarding taxation.

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(e), as an agency of the United States is a defendant and, among other things, a substantial part of the events giving rise to the claim occurred in and/or a substantial part of property that is the subject of the action is situated in this judicial district, and the Plaintiff resides in this judicial district.

## FACTS

5.      On December 12, 2011, the IRS issued an IRS Form 2039 Summons (the "Summons"), issued pursuant to 26 U.S.C. § 7602, and stating that it concerns the matter of a particular named taxpayer.  The Summons directs the Commissioner of Revenue to produce the following:  "Provide any and all records associated with the above named taxpayer that is in your possession, custody or control as the Commissioner of Revenue in regards to business personal property.  Provide a copy of the 2010 and 2011 personal property tax report listing all of the personal property reported by the above said Taxpayer." (A copy of the Summons is attached hereto as Exhibit A[1]).  An attachment to the Summons entitled "Attachment 1 to Summons Form 2039" (the "Attachment") further directed the Commissioner of Revenue to produce the following: "Period information: Form 1120 for the fiscal periods ending December 31, 2003 and December 31, 2004 and Form 941 for the quarterly periods ending March 31, 2003, September 30, 2003, December 31, 2003, September 30, 2005, December 31, 2005, March 31, 2006 and June 30, 2006." (A copy of the Attachment is attached hereto as Exhibit B[2]).

6.      Virginia Code § 58.1-3 provides, in pertinent part:  "Except in accordance with a proper judicial order or as otherwise provided by law, the Tax Commissioner or agent, clerk, commissioner of the revenue, treasurer, or any other state or local tax or revenue officer or employee, or any person to whom tax information is divulged pursuant to § 58.1-512 or 58.1-2712.2, or any former officer or employee of any of the aforementioned offices shall not divulge

---

[1] The taxpayer's name and particular identifying information (address and tax map number) about the property at issue, while stated in the Summons, are not included in this Complaint and are redacted from the Exhibit, so as to preserve taxpayer privacy and so as to protect any confidentiality of and not jeopardize the investigation that the IRS is conducting.

[2] The taxpayer's name, while stated in the Attachment, is not included in this Complaint and is redacted from the Exhibit so as to preserve taxpayer privacy and so as to protect any confidentiality of and not jeopardize the investigation that the IRS is conducting.

any information acquired by him in the performance of his duties with respect to the transactions, property, including personal property, income or business of any person, firm or corporation."

7. Certain of the specific information and documents that the Summons directs the Commissioner of Revenue to produce is confidential pursuant to Virginia Code § 58.1-3. Information regarding personal property taxes that is generally subject to public disclosure is the name of the record owner, the address of the owner, and the assessment of the personal property, pursuant to Virginia Code § 3115..

8. The Attorney General of Virginia has opined that a local tax official, in response to an IRS Summons issued pursuant to 26 U.S.C. § 7602, "may assert a qualified privilege to disclose confidential tax information to the federal government in response to a federal grand jury subpoena or an administrative subpoena or summons issued pursuant to § 7602 of the Internal Revenue Code. Once the privilege is asserted, the information may be forwarded to the court in a sealed envelope with instructions that it not be opened until there is a review and judicial order consistent with federal law". (A copy of the Attorney General's Opinion is attached hereto as Exhibit C.)

9. The Commissioner of Revenue asserts the privilege, pursuant to Virginia Code § 58.1-3, to maintain as confidential the information called for by the Summons that is not subject to public disclosure, such that production of such confidential information may only be made pursuant to "a proper judicial order".

10. The legislative and administrative regulation of confidential of information maintained by the Commissioner of Revenue, as an officer provided for by the Constitution of Virginia, in the performance of his duties as Commissioner of Revenue, is within the power of the Commonwealth, pursuant to its duly enacted law, including Virginia Code § 58.1-3.

4

11.     The Commissioner of Revenue may therefore release the information called for by the Summons that is not subject to public disclosure only pursuant to "a proper judicial order".

12.     Consistent with the Commissioner of Revenue asserting the privilege, pursuant to Virginia Code § 58.1-3, to maintain as confidential the information and consistent with the Attorney General's Opinion, the Commissioner of Revenue will, under separate filing, file the information under seal with the Clerk of the Court, pending final disposition of this action.

13.     Virginia Code § 58.1-3 further provides, in pertinent part: "Any person violating the provisions of this section shall be guilty of a Class 2 misdemeanor."

14.     The Summons requests the Commissioner of Revenue to produce certain confidential tax documents and information that are testimonial in nature, and that by providing such, the Commissioner of Revenue has a reasonable cause to apprehend danger upon giving a responsive answer that would support a conviction or would furnish a link in the chain of evidence needed to prosecute him for a criminal violation of Virginia Code § 58.1-3.

15.     That unlike pre-existing documents compelled in other taxpayer IRS summons cases, in this instance, the Commissioner of Revenue's production of such documents and information compelled by the Summons is an act that would produce incriminating testimony and constitute a criminal act under Virginia Code § 58.1-3.

16.     The Commissioner of Revenue asserts his Fifth Amendment right against self-incrimination, to the extent that such production of the confidential documents and information requested under the Summons would be a violation of this right.

WHEREFORE, the Plaintiff, Jeffrey Trent Richardson, in his official capacity as Commissioner of Revenue of Smyth County, Virginia, respectfully requests that the Court

determine whether Virginia State Code § 58.1-3 is in conflict with 26 U.S.C. § 7602 so that that

Virginia Code § 58.1-3 shall give way under the Supremacy Clause under the United States

Constitution Article VI, Clause 2; determine whether the Commissioner of Revenue's compelled

testimony and production of confidential documents pursuant to the Summons is a violation of

his Fifth Amendment right against self-incrimination as Virginia Code § 58.1-3 criminalizes

such action; enter an order authorizing the Commissioner of Revenue to release to the IRS the

confidential information that is the subject of the Summons or, in the alternative, enter an order

enjoining the IRS from enforcing the Summons; and the Plaintiff further and that the Court make

an award of costs and grant such other and further relief as is just and proper.

Respectfully submitted,

JEFFREY TRENT RICHARDSON,
in his official capacity as
Commissioner of Revenue of Smyth
County, Virginia,

By Counsel

**s/ Heather N. Pritts**
Virginia Bar Number: 78348
Attorney for Plaintiff
Office of the County Attorney
County of Smyth, Virginia
121 Bagley Circle, Suite 100
Marion, Virginia 24354
Telephone: (276) 783-4298
Fax: (276) 783-9314
E-mail: hpritts@smythcounty.org